**Geronimo Rene GUTIERREZ,** Petitioner-Appellant

v.

**Lorie DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent-Appellee**

No. 16-70028

United States Court of Appeals, Fifth Circuit.

Filed December 14, 2017

Alan Futrell, San Antonio, TX, David Weiss, Center for Death Penalty Litigation, Durham, NC, for Petitioner-Appellant

Matthew Dennis Ottoway, Assistant Attorney General, Office of the Attorney General, Postconviction Litigation Division, Austin, TX, for Respondent-Appellee

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM: *

On August 30, 2017, we granted Appellant's motion to stay proceedings in order to allow him to pursue an *Atkins* claim in state court in light of the Supreme Court's decision in *Moore v. Texas*, —— U.S. ——, 137 S.Ct. 1039, 197 L.Ed.2d 416 (2017). Because we granted Appellant's motion based on his *Atkins* argument, we had no need to determine whether a stay was warranted pending the Supreme Court's decision in *Wilson v. Sellers*, —— U.S.

---

——, 137 S.Ct. 1203, 197 L.Ed.2d 245 (2017). We again decline to reach the merits of Appellant's *Sellers* argument.

However, we granted a stay premised on Appellant's statement that he would promptly file his *Atkins* claim within ninety days of the Court's stay order. Appellant failed to do so, instead filing a "status update" informing the court that he requires until February 26, 2018, to do so. We treat Appellant's status update as a motion for extension of time to file and, finding good cause, GRANT that motion.

IT IS ORDERED that Appellant shall have until February 26, 2018, to file his new *Atkins* claim.

IT IS FURTHER ORDERED that Appellee's motion for clarification, ECF No. 61, is DENIED as moot.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.